IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00179-BNB

JOSEPH LOUIS DURAN,

    Plaintiff,

v.

GRAHAM HOFFMAN, M.D.,
DENEEN CRANDELL, Psy. D., and
RON LEYBA, Warden,

    Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 8 2006

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

---

Plaintiff Joseph Louis Duran is in the custody of the Colorado Department of Corrections and currently is held at the San Carlos Correctional Facility. On January 23, 2006, Plaintiff initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. Subsequently, on April 13, 2006, Plaintiff paid the initial partial filing fee. The Court, therefore, will proceed to review the merits or Mr. Duran's Complaint.

The Court must construe the Complaint liberally, because Mr. Duran is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Duran will be ordered to file an Amended Complaint.

In the Complaint, Plaintiff raises two claims. In Claim One, he asserts that his Fourteenth Amendment rights were violated, because (1) he was interviewed and evaluated by Defendant Deneen Crandell while his wrists and ankles were shackled; (2) from October 14 to October 15, 2005, he was denied toilet paper, and the water to his cell was turned off; (3) from November 10 to November 26, 2005, he was denied access to the courts; and (4) he was subjected to an "Involuntary Medication Hearing," on November 30, 2005. (Compl. at 4-4.2.)

In Claim Two, Mr. Duran states that he was denied all access to the courts for twenty days, including sixteen days due to Defendant Crandell's orders and four days during which he was not able to obtain copies from the law library. Plaintiff seeks injunctive relief.

Although Plaintiff asserts claims against Defendants Graham Hoffman and Deneen Crandell, he fails to assert how Defendant Ron Leyba violated his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Also, a defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Duran will be ordered to file an Amended Complaint that states what each

named Defendant did to violate his constitutional rights.

Further, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle***, 534 U.S. 516, 532 (2002).

Plaintiff is incarcerated, and the claims raised in this action relate to the conditions of his confinement. Therefore, Plaintiff must have exhausted all the available administrative remedies. Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." ***Steele v. Fed. Bureau of Prisons***, 335 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." ***Id.*** at 1211.

Plaintiff has failed to meet the ***Steele*** requirement because he failed to respond to Question Two, under Section F., "Administrative Relief," of his Complaint and state with specificity how he exhausted his administrative remedies. Therefore, Plaintiff will be directed to show cause why the Complaint should not be dismissed for failure to state with specificity, or to attach copies of administrative proceedings indicating, how he exhausted his administrative remedies with respect to the claims he raises. Accordingly, it is

ORDERED that Mr. Duran shall file, **within thirty days from the date of this**

**Order,** an Amended Complaint that states how each named Defendant personally participated in the asserted constitutional violation and that shows how Plaintiff has exhausted his administrative remedies with respect to each claim that he raises. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Duran, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Duran submit an original and sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Duran fails to file **within thirty days from the date of this Order** an Amended Complaint that complies, to the Court's satisfaction, with the Order the action will be dismissed without further notice.

DATED April 28, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00179-BNB

Joseph Louis Duran
Prisoner No. 104311
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81002

I hereby certify that I have mailed a copy of the  **ORDER** and two copies of **Prisoner Complaint** to the above-named individuals on 4/28/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk